No. 6950.

SUCCESSION OF S. M. HYAMS.

When a parish judge is recused in any case on the ground of personal interest, he can not appoint a lawyor to try the case in his stead.

The fact that the wife of the judge is one of the parties to the suit is sufficient to recuse him on the ground of personal interest, whether she be separate in property from him or not.

APPEAL from the Parish Court of Natchitoches. *Breda*, J., special judge.

*Chaplin, Cunningham & Chaplin* and *Morse & Dranguet* for succession and appellant.

*J. M. B. Tucker* for opponents.

The opinion of the court was delivered by

MANNING, C. J. The succession of S. M. Hyams is insolvent and is administered by Lemée as syndic, who filed the final account of his gestion in August, 1877. The Laplace heirs, claiming to be judgment creditors of the deceased, opposed its homologation. The parish judge is the husband of one of the opponents, and recused himself because of interest, and selected a lawyer to try the case, who accordingly heard and determined the contestation. Exception was made to the right of the parish judge to select a lawyer to act as judge *ad hoc*, when the ground of recusation was personal interest. The exception is good.

The judge selects a lawyer to try a case in which he may be recused, when he is not personally interested in the matter in contestation. Const. art. 90. When the wife of the judge is a party to the cause, he is personally interested sufficiently to deprive him of the power to select a lawyer to try it. And we do not choose to put this inability on the ground that the legal presumption of a community of acquets between the spouses exists, for it would be the same if the judge and his wife were separate in property, but rather on the ground that if the phraseology of the constitution left the question doubtful, we will in construing it incline to the side of good morals and decency, and hold that the constitution did not intend that a shadow should be thrown over the fair face of justice by interposing a suspicious object between it and the light of impartial truth.

The whole proceedings now before us are *coram non judice*. Therefore

It is ordered and decreed that the judgment appealed from is reversed, and the cause is remanded for trial, the appellees paying costs of appeal.